## CHARLES STOCKON
## v.
## BENNETT LOCHNITT.

*Replevin—Writ of* Retorno*—Landlord and Tenant—Cross-Error—Evidence—Costs.*

1.  A tenant can not maintain replevin for the recovery of fence rails, originally removed with the consent of his landlord, their owner.
2.  In the case presented, this court holds as erroneous the action of the trial court in setting aside its order for the return of property replevied, subsequent to a verdict in behalf of defendant in accordance with its instruction.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Christian County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. J. C. CREIGHTON, A. McCASKILL, J. G. DRENNAN and J. C. McBRIDE, for appellant.

The law is well settled that where a house or fences are built upon the land of another in pursuance of an understanding between him and the owner of the land that it is to be removed, in such case it is regarded as personal property, and may be replevied. Chatterton v. Saul, 16 Ill. 149; Dooley v. Crist, 25 Ill. 551.

The intention and agreement of the parties, under which it was built into the fence, controls. Goff v. O'Conner, 16 Ill. 421.

The agreement of appellee, in case appellant would let him have the rails to put upon his land for a temporary purpose with the agreement to return them to appellant, estops him from afterward claiming them as real property.

Where an act is done or a statement made by a party which can not be contradicted or controverted without fraud on his part and injury to others whose conduct has been influenced by the act or promises, the character of estoppel will attach to what would otherwise be mere matter of evidence, and the

party will be precluded from denying and disproving it.   The International Bank of Chicago v. Bowen, 80 Ill. 541; Voge v. Breed, 14 Ill. App. 538; Simpson v. Wrenn, 50 Ill. 222; Carpenter v. Falter, 4 Ill. App. 45.

The rails in question have been from the beginning treated as and admitted to be personal property by all the parties interested therein.   The defendant can not protect his tortious possessions on the ground that the title to the rails has vested in the owner of the fee.   Ballou v. Jones, 37 Ill. 95.

Mr. JAMES M. TAYLOR, for appellee.

There can be no doubt that these rails were part of the real estate.   Tyler on Fixtures, 116; 2 Kent Com., 347, note; McLaughlin v. Johnson, 46 Ill. 163.

But, whatever the condition of the rails, Stockon could not recover.   "It is an inflexible rule in replevin that the plaintiff must show himself to be the owner of the identical articles for which the suit is brought, or that he is entitled to their immediate possession.   Wells on Replevin, Secs. 168, 634.

WALL, P. J.   The appellant, Stockon, brought an action of replevin for 1,200 rails against the appellee, Lochnitt, before a justice of the peace.   The case was removed to the Circuit Court by appeal, where a trial was had before the court and a jury.   After the evidence for the plaintiff had been submitted, the court, on motion of the defendant, instructed the jury that the plaintiff had no cause of action, and a verdict was accordingly rendered for the defendant, and thereupon the court gave judgment against the plaintiff for costs, and awarded a writ of *retorno habendo.*   The plaintiff excepted to these rulings, and, without moving for a new trial, prayed and was granted an appeal to this court.

On a subsequent day of the term, the court, at the instance of the plaintiff, set aside the order for a return of the property, to which ruling the defendant excepted, and prayed an appeal to this court, which was granted.

The plaintiff, having perfected his appeal, now assigns as error the instruction requiring the jury to find for the defend-

·tan; and the defendant (appellee) assigns cross-error upon the ·ruling of the court in setting aside the order for the writ of replevin.

The evidence tended to prove that several years before the .bringing of this suit, this fence belonging to Hill, Lochnitt .was permitted by the consent of Hill to move these rails south ·of the line on the Anderson land, in order that Lochnitt might cultivate a hedge on the line, the rails to be afterward returned .to Hill; but instead of returning them after the hedge was grown Lochnitt put them in another fence on the Anderson land. We think it not necessary to state all the circumstances in proof, and will merely say that we are of opinion the appellant had no such interest in these rails as to enable him to maintain replevin for them. They were not his and they · had been removed without his action or fault, but by the permission of Hill, the owner, who and who alone had the right to complain of Lochnitt's neglect to return them.

The instruction to find for defendant was properly given, .but it was error to set aside the order for the writ of *retorno.*

It is provided by Sec. 22, Ch. 119, entitled Replevin:

" If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a non-suit, or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall in the meantime have become entitled to the possession of the property."

The case having originated before a justice of the peace the pleadings were *ore tenus*, and every defense may be considered as pleaded which appeared under the evidence.

There was involved here a denial of the ownership and right of possession claimed by the plaintiff. As between the p'aintiff and defendant the possession of the latter was lawful .and should have been undisturbed.

By the verdict and judgment the right of property was adjudged against appellant; he had no right to the possession as against defendant, and no reasons are suggested by counsel .for not applying the peremptory provision of the statute above

quoted. The judgment will be reversed and cause remanded, with directions to enter a judgment for defendant below for costs and for a return of the property, as was first ordered. The appellee will recover his costs in this court.

*Reversed and remanded.*